UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEXANDER LUONG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EAST SIDE UNION HIGH SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 5:16-cv-07329-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

In this action against Defendant East Side Union High School District ("Defendant"), Plaintiffs Alan Luong and Alexander Luong[1] assert three causes of action: (1) violation of Title II of the ADA, 42 U.S.C. § 12132 (2) violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and (3) violation of California's Unruh Civil Rights Act, Civil Code § 51 et seq. Defendant now moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 13. Alan and Alex oppose. Dkt. No. 20.

The court finds this motion suitable for decision without oral argument, and the hearing scheduled for July 13, 2017, will be vacated. Because Alan and Alex's Complaint overcomes Defendant's pleading challenges, the motion to dismiss will be denied for the reasons explained below.[2]

---

[1] The court will refer to Alan and Alexander by their first names, Alan and Alex, because they share a common surname. The court means no disrespect.

[2] Because Alan and Alex clarify their Unruh Act claims are not asserted against Defendant, it is not discussed herein.

1
Case No.: 5:16-cv-07329-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## I. BACKGROUND

Alan and Alex are twin brothers, who reached the age of majority in May, 2016. Compl., Dkt. No. 1, at ¶¶ 1, 2. They each have Autism and a speech and language impairment. Id. They are also "of average intelligence," but have "severe academic, social and communication deficits." Id. According to the Complaint, Alan and Alex are disabled under the ADA, § 504 and the Unruh Act. Id.

Defendant is a public school. Id. at ¶ 5. Alan and Alex attended school together at Defendant and were provided essentially the same educational programming and attended the same classes. Id. at ¶ 4. However, Alan and Alex allege that though they were capable of being educated in mainstream classes with other able-bodied students, Defendant segregated them away from the general student population. Id. at ¶¶ 9, 10. Alan and Alex further allege they were deprived reasonable modifications and accommodations that would have allowed them to integrate into the general student population. Id. at ¶ 11. Alan and Alex's family asked Defendant "many times" why they were not integrated with the other students, but were told their placement was appropriate and no changes were made. Id. at ¶ 20.

As a result of the segregation, Alan and Alex allege they did not develop appropriate academic, social and communication skills, and have experienced stunted academic, communication and social growth. Id. at ¶ 12. They also allege difficulty communicating effectively with others, have been deprived of the ability to become independent adults, and have experienced a negative impact on their employability, earnings, and earning capacity. Id.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief

2

Case No.: 5:16-cv-07329-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Defendant makes several arguments in response to the Complaint, each of which is discussed below subsequent to outlining the legal landscape relevant to Alan and Alex's § 504 and Title II claims.

### A. Authority Governing the Federal Causes of Action

The purpose of § 504 "is to assure that handicapped individuals receive 'evenhanded treatment' in relation to nonhandicapped individuals." Traynor v. Turnage, 485 U.S. 535, 548 (1988). The statute provides, in relevant part:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a).

To state a claim under § 504, a plaintiff must plausibly allege "(1) that he is handicapped within the meaning of the act, (2) that he is 'otherwise qualified' for the services sought, (3) that he was excluded from the services sought 'solely by reason of his handicap,' and (4) that the program in question receives federal financial assistance." Dempsey ex rel. Dempsey v. Ladd, 840 F.2d 638, 640 (9th Cir. 1987).

3

Case No.: 5:16-cv-07329-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. It "was expressly modeled after § 504," which similarity is reflected in the claim's elements. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). Thus "[t]o prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Id.

Furthermore, "[t]o recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant." Id. at 1138. This aspect of each claim is examined under a deliberate indifference standard, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." Id. at 1139.

Moreover, § 504 and Title II claims are routinely considered together because "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." Zulke v. Regents of the Univ. of Cal., 166 F3d 1041, 1045 n.11 (9th Cir. 1999).

B. **Statute of Limitations**

Defendant argues Alan and Alex's claims are partially barred by the statute of limitations. Specifically, Defendant believes based on the date this action was filed, and pursuant to its assessment of the applicable limitations period, that claims arising prior to January 9, 2015, are time-barred. The court finds otherwise, at least for this motion.

A statute of limitations defense may be raised by a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Such a motion "can be granted only if the assertions of the complaint, read

4
Case No.: 5:16-cv-07329-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id.

As both parties observe, neither § 504 nor Title II designate a statute of limitations. Sharkey v. O'Neal, 778 F.3d 767, 770 (9th Cir. 2015); Alexopulos ex rel. Alexopulos v. S.F. Unified Sch. Dist., 817 F.2d 551, 554 (9th Cir. 1987). In these situations, federal courts "borrow the statute of limitations applicable to the most analogous state-law claim, so long as 'it is not inconsistent with federal law or policy to do so.'" Sharkey, 778 F.3d at 770. Federal courts also apply a state's tolling rules, "unless to do so would be 'inconsistent with the federal policy underlying the cause of action under consideration.'" Alexopulos, 817 F.2d at 555. However, "federal law determines when a cause of action accrues." Id. "Under federal law a cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action." Id.

Though California federal courts have routinely applied the state's two-year personal injury statute of limitations to § 504 and Title II claims, the Ninth Circuit has more recently held that Title II claims are subject to the three-year limitations period provided by California Civil Procedure Code § 338(a) due to Title II's close resemblance to California Government Code § 11135. Id. at 771-73.[3] And given the fact that Title II was modeled after § 504, and the fact "[t]here is no significant difference" between the two statutes, the undersigned concludes that Title II claims should be also be subject to § 338(a) and its three-year limitations period. See Ticer v. Young, No. 16-cv-02198-KAW, 2016 WL 4719272, at *5, 2016 U.S. Dist. LEXIS 122559 (N.D. Cal. Sept. 9, 2016). Importantly, § 338(a)'s statute of limitations is tolled for the period of a plaintiff's minority by operation of California Code of Civil Procedure § 352(a).

For this case, there are two reasons why the face of the Complaint does not establish that Alan and Alex's § 504 and Title II claims, or any portions of them, are barred by § 338(a)'s three-year statute of limitations. First, it is unknown based on the current allegations exactly when the claims accrued; in other words, the alleged facts do not reveal at what point Alan and Alex knew

---

[3] Notably, neither party cited to or discussed Sharkey in the motion papers.

or had reason to know their educational placement was causing them injury. Though it is possible the claims may have accrued during one of the "many times" their family requested Defendant integrate Alan and Alex into the general education program, a final determination of that issue will require additional development before it can be finally decided. But construing the allegations in the light most favorable to Alan and Alex, and given the age on which students normally graduate from high school, it appears that at least some conduct occurred within the limitations period. Defendants recognize this point, though they apply a two-year rather than a three-year statute of limitations.

Second, and in any event, dismissal of any portion of Alan and Alex's § 504 and Title II claims would be improper because they may be able to prove the statute of limitations was tolled during their minority. Given that neither party addresses whether application of § 352(a) is inconsistent with federal policy under these circumstances, the court finds it better to leave the decision for another motion.

For these reasons, the court rejects Defendant's argument based on the statute of limitations.

### C. Lack of Specificity

Defendant argues the Complaint should be dismissed for a general lack of specificity. The court disagrees that the pleading fails on that ground.

Since none of Alan and Alex's claims are subject to the heightened standard mandated by Federal Rule of Civil Procedure 9(b), the Complaint is governed by Rule 8(a)(2)'s notice pleading requirement. Thus, the pleading must only contain "a short and plain statement" of the claims showing that Alan and Alex are "entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

While it is true the Complaint does not provide dates or the names of relevant individual employees or decision-makers, the court nonetheless finds that it complies with Rule 8(a)(2). As will be discussed in more detail below, the Complaint's allegations plausibly establish causation

6
Case No.: 5:16-cv-07329-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

1    and the necessary mens rea for claims under § 504 and Title II.  Additional details can be

2    determined through the discovery process, which may include an investigation of whether Alan

3    and Alex's claims differ in a manner contrary to the specific allegations stating otherwise.

4    Thus, Alan and Alex's claims will not be dismissed for a general failure to comply with

5    Rule 8(a)(2).

### D.   Intentional Discrimination

Defendant argues the Complaint fails to adequately establish the mens rea of a § 504 and Title II claim because the allegations do not show that Defendant acted with deliberate indifference toward Alan and Alex.  To that end, Defendant contends Alan and Alex's allegations merely describe purported educational disagreement or negligence rather than intentional discrimination.

As noted, a plaintiff seeking damages under § 504 or Title II can demonstrate intentional discrimination by plausibly pleading the two elements of deliberate indifference: notice and a failure to act.  Duvall, 260 F.3d at 1138-39.  The plaintiff establishes the notice or knowledge element by showing that he "alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation)."  Id. at 1139.  The "failure to act" element is satisfied by alleging the defendant did not undertake the "fact-specific investigation" necessary to determine what constitutes a reasonable accommodation.  Id.

Drawing all reasonable inferences in Alan and Alex's favor (Brown v. Elec. Arts, Inc., 724 F.3d 1235, 1247-48 (9th Cir. 2013), and considering this court's experience and common sense (Iqbal, 556 U.S. at 678), the court finds the Complaint sufficiently pleads deliberate indifference. For the notice element, Alan and Alex allege that Defendant was aware, through well-known regulations prohibiting the segregation of disabled students absent particular conditions, that they had a protected federal right to be integrated into the general student population.  Compl., at ¶ 20. According to Alan and Alex, integration was possible despite their disabilities because they had no significant behavioral problems and are of average intellect, and could therefore be "mainstreamed" with reasonable accommodations and modifications.  Id.

On Defendant's "failure to act," Alan and Alex allege exactly that fact: Defendant failed to investigate whether their placement with the general student population was possible. Id. Instead, Defendant allegedly told Alan and Alex's family that the segregated placement was "appropriate," rather than responding to their inquiries with the requisite "fact-specific investigation." Id.

In support of its characterization of the Complaint's allegations as describing educational disagreement or negligence, Defendant relies primarily on the out-of-circuit decision in Sellers ex rel. Sellers v. The School Board of the City of Manassas, Virginia, 141 F.3d 524 (4th Cir. 1998). Though Defendant believes Sellers is "nearly identical" to this case, the court disagrees. In Sellers, the plaintiff simply alleged his test scores from as early as fourth grade should have alerted the defendant of a need to provide him accommodations for a disability. 141 F.3d at 529. The Fourth Circuit found these allegations "indistinguishable from complaints that a student has been incorrectly evaluated," which it held does not constitute discrimination on the basis of disability. Id. The Fourth Circuit observed the plaintiff alleged "no facts which would suggest the defendants discriminated, i.e., that they acted with bad faith or gross misjudgment," and affirmed the dismissal of a § 504 claim. Id.

This case presents a factual scenario distinct from the one described in Sellers. Alan and Alex do not allege discrimination for failure to recognize their disabilities; in contrast, the reasonable inference arising from their educational placement is that Defendant was aware of this information. Moreover, unlike the Sellers plaintiff who fell short of what appears to be a different mens rea, Alan and Alex allege enough facts to plausibly show deliberate indifference since Defendant purportedly failed to conduct an appropriate investigation even with knowledge of their disabilities. Consequently, Sellers has little persuasive value here.

In sum, the court concludes that Alan and Alex have adequately pled the mens rea applicable to § 504 and Title II claims.

**E.  Causation**

Defendant argues Alan and Alex have not pled sufficient facts to establish the causation elements of § 504 and Title II. In particular, Defendant states its purported conduct was

8
Case No.: 5:16-cv-07329-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

undertaken *for* Alan and Alex's disabilities, not *because of* their disabilities. This argument is unpersuasive.

"Title II [] and § 504 [] both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). For this reason, allegations that merely show "inadequate treatment for disability" will not suffice. See Simmons v. Navajo Cty., 609 F.3d 1011, 1022 (9th Cir. 2010). But "[a] plaintiff need not allege either disparate treatment or disparate impact in order to state a reasonable accommodation claim." McGary v. City of Portland, 386 F.3d 1259, 1266 (9th Cir. 2004). This is because the purpose of a reasonable accommodation claim "is to guard against the facade of 'equal treatment' when particular accommodations are necessary to level the playing field." Id. at 1267.

Here, Alan and Alex allege they have severe academic, social and communication deficits due to Autism and a speech and language impairment. Compl., at ¶¶ 1, 2. Alan and Alex also allege that Defendant's purported failure to adequately investigate whether a reasonable accommodation would permit them to integrate with the general student population prevented them from developing appropriate academic, social and communication skills, though doing so was within their ability. Id. at ¶ 12. Therefore, they have sufficiently pled discrimination by reason of their disabilities for the purposes of overcoming a motion to dismiss, not just inadequate treatment for their disabilities.

Defendant attempts to analogize Alan and Alex's claims to others which have been dismissed by district courts for failure to plausibly plead causation consistent with § 504 and Title II. See Kamakeeaina v. City & Cty. of Honolulu, No. 11-00770 SOM-RLP, 2012 WL 1080813, 2012 U.S. Dist. LEXIS 43657 (D. Haw. Mar. 29, 2012). This argument misunderstands the factual basis for this case, however. In essence, Alan and Alex allege Defendant "over-treated" their disabilities by not conducting an investigation that would have permitted compliance with the integration mandates incorporated into § 504 and Title II. It would be improper for the court to dismiss these failure to integrate claims for lack of causation because doing so could permit a provider of public education to easily escape liability by simply placing students in the most-

9
Case No.: 5:16-cv-07329-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

restrictive environment in all instances without investigating whether or not the placement is appropriate, and then claiming the "over-treatment" was *for* the disability, rather than discrimination based on a disability. But as noted, that sort of conduct could constitute a violation of § 504 or Title II.

## IV. ORDER

Based on the foregoing, Defendant's Motion to Dismiss (Dkt. No. 13) is DENIED. The hearing scheduled for July 13, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: July 11, 2017

EDWARD J. DAVILA
United States District Judge